United States District Court
Southern District of Texas
**ENTERED**
July 17, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GUILLERMO FERNANDEZ-HERRERA, §
§
Petitioner, §
§
v. § CIVIL ACTION NO. H-26-4204
§
GRANT DICKEY, et al., §
§
Respondents. §

**MEMORANDUM OPINION AND ORDER**

Guillermo Fernandez-Herrera ("Petitioner"), a citizen of Honduras, entered the United States without inspection on July 14, 2019.[1]  On November 22, 2025, Petitioner was arrested for driving while intoxicated by the Harris County Constable.[2]  Petitioner was taken into Immigration and Customs Enforcement custody on April 14, 2026, after he was encountered at the Harris County jail.[3]  That same day Petitioner was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 and Complaint for Declaratory and Injunctive Relief ("Habeas Petition"), Docket Entry No. 1, p. 3 ¶¶ 4, 6; Respondents' Motion for Summary Judgment and Response to the Petition for Writ of Habeas Corpus ("Respondents' MSJ"), Docket Entry No. 5, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 5, p. 2.

[3]Id.

other than as designated by the Attorney General."[4]  Petitioner remains in immigration custody.[5]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates due process.[6]  Petitioner also alleges an as-applied challenge.[7]  Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5). Respondents argue that Petitioner's detention under § 1225(b)(2) does not violate due process because he is an applicant for admission.[8]  Petitioner has filed a reply.[9]

---

[4]Id.

[5]Id.

[6]Habeas Petition, Docket Entry No. 1, pp. 6-10 ¶¶ 20-43. Petitioner also argues that his detention without a bond hearing is arbitrary and capricious under the Due Process Clause of the Fifth Amendment.  Id. at 10-12 ¶¶ 53-59.  This claim will be addressed as part of Petitioner's broader Due Process claim.  See Betancourth v. Tate, CIVIL ACTION NO. 4:26-cv-01169, 2026 WL 638482, at *1 n.2 (S.D. Tex. Mar. 6, 2026).  However, to the extent that Petitioner alleges this claim under the Administrative Procedure Act, it is foreclosed as a matter of law.  Garcia v. Venegas, CIVIL ACTION NO. 1:26-CV-266, 2026 WL 1580638, at *1 n.3 (S.D. Tex. Jun. 2, 2026).

[7]Habeas Petition, Docket Entry No. 1, pp. 12-13 ¶¶ 60-64. Petitioner's as-applied challenge fails because "he presents no authority to support his claim that his circumstances present a viable as-applied due process challenge" and because § 1225(b)(2) authorizes his continued detention.  Garcia, 2026 WL 1580638, at *2.

[8]Respondents' MSJ, Docket Entry No. 5, pp. 1-2.

[9]Petitioner's Reply in Support of Petition for Writ of Habeas Corpus and Response in Opposition to Respondents' Motion for Summary Judgment, Docket Entry No. 6.

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in García De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 and Complaint for Declaratory and Injunctive Relief(Docket Entry No. 1) is **DENIED**.

-3-

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 17th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE